UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| DARRELL EUGENE FOGARTY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:11-CV-426-KKC |
| ) | |
| v. ) | |
| ) | |
| MARIA F. MARRERO, M.D., et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Darrell Eugene Fogarty is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Fogarty has filed a complaint asserting civil rights claims under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] Fogarty alleges that between March 15 and 28, 2011, the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Fogarty has been granted permission to pay the filing fee in installments [R. 4] and asserts claims against government officials. Therefore, this Court must conduct a preliminary review of his complaint. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts Fogarty's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks

monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim unless its sets forth sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it is not enough to allege facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009). Federal law requires federal prisoners to exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(9). Because Fogarty affirmatively states that he has failed to exhaust administrative remedies prior to filing suit as required by federal law, the Complaint must be dismissed..

In his complaint, Fogarty states that he has suffered from a urological condition for the past five years, but that in mid-March 2011, he began experiencing problems as a result of the condition, such as enlargement of his penis, urine leakage, bleeding, skin burns, and severe pain and discomfort, and that the FMC-Lexington medical staff denied him medical treatment necessary to treat the condition and alleviate his pain. He states that he asked to be transported to the University of Kentucky of Medical Center for treatment because his urological condition had deteriorated and his pain had increased, but that the defendants refused to take him to the hospital. fogarty claims that instead, the medical staff ineffectively treated his condition at the prison, causing him to leak even more urine and experience additional pain and suffering. [R. 1-1 at 6, 8]

Fogarty alleges that his urological condition remains untreated; that he continues to experience pain, suffering, urine leakage, and other medical problems stemming from that condition; and that the prison medical staff has denied him not only proper medical treatment but also an

adequate supply of diapers needed to control his excessive urine leakage.[1]  Fogarty seeks medical assistance and unspecified monetary damages.

On April 18, 2011, Fogarty filed an inmate grievance with the warden complaining that he was not receiving adequate medical care for his urological condition. [R. 1-1 at 2] On July 6, 2011, FMC-Warden Deborah Hickey denied the grievance, stating that Fogarty had been, and was being, treated by a urological specialist and that his own poor hygiene practices had caused his skin burns. [*Id*. at 3] On July 12, 2011, Fogarty appealed to the Mid-Atlantic Regional Office ("MARO"). After granting itself an extension of time to respond, on November 17, 2011, MARO denied Fogarty's appeal, stating that he had a "history of medical non-compliance," during which Fogarty had refused to comply with the medical staff's treatment plan by not allowing the prison's wound care specialists to evaluate and consult with him; had refused to take medication prescribed by the medical staff; and had refused to allow the medical staff to insert a urinary catheter in him. [*Id*. at 4]

In MARO's denial of his grievance, it advised him that if he wished to appeal to the BOP's Central Office, he should do so within 30 days. [*Id.*] Instead, Fogarty filed this action on December 28, 2011. [R. 1] In the pre-printed section of his complaint form, Fogarty expressly acknowledged that he had not submitted his final administrative appeal [Form BP-11] to the BOP's Central Office. [R. 1 at 4] In his handwritten supplement to the complaint, Fogarty explained that he could not file a BP-11 appeal to the Central Office because the MARO had not responded to his BP-10 appeal within the allotted time period. [R. 1-1 at 10] He stated that he had ". . .written letters with no

---

[1] At the end of his handwritten supplement, Fogarty indicates that he suffers from numerous other medical conditions, including damaged vertebrae, leg spasms, bipolar disorder, depression, multiple sclerosis, Type II diabetes, insomnia, anxiety, and hyper- thyroid condition, and that he is dissatisfied with his medical treatment for these conditions. [R. 1-1 at 16] However, Fogarty's complaint is limited to the defendants' treatment of his urological condition and their failure to transfer him to a hospital for treatment in March 2011. [R. 1at 3]

3

answer from them. Now I am in a catch 22, without an answer from the BP-10 [MARO] I can not move to the BP-11 [Central Office]." [*Id.*]

## DISCUSSION

Fogarty's Eighth Amendment claims must be dismissed without prejudice because it is apparent from the face of his complaint that he failed to fully exhaust those claims prior to filing this action on December 28, 2012. Federal law requires state and federal prisoners to exhaust all available administrative remedies before filing suit to challenge any aspect of their prison conditions. 42 U.S.C. § 1997e(a). Federal prisoners must follow the BOP's four-tiered administrative remedy process set forth at 28 C.F.R. §§ 542.10-542.19.

Here, Fogarty claims that he abandoned the process at the third level because MARO did not respond to his appeal within the time permitted, by September 10, 2011. [R. 1-1 at 4] But Fogarty did not file suit at that time, instead waiting three and half months before doing so. By that time, MARO had responded to his grievance a month before on November 17, 2011. [R. 1-1 at 5] Regardless of when MARO actually provided its response to his appeal, once it had failed to do so in a timely fashion, the BOP's regulations gave him the option of either appealing to the next level[2] or waiting for a dilatory response - abandoning the process altogether is not an option.

As the Supreme Court has explained, administrative remedies must be exhausted "properly," which means going through all steps that the agency requires, obeying all directions and meeting all deadlines set by the administrative rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Fogarty candidly admits in his complaint that he did not do so, rendering dismissal of his complaint without

---

[2] 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.")

prejudice appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *Smith v. Lief*, 2010 WL 411134, at *4 (E.D. Ky. 2010); *Gunn v. Ky. Dept. of Corrections*, 2008 WL 2002259, * 4 (W.D. Ky. 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, 2007 WL 1452929, at *3 (E.D. Mich. 2007).

Fogarty's Eighth Amendment claims will be therefore be dismissed without prejudice. If he completes the administrative remedy process concerning those claims, he may file a new *Bivens* action without incurring liability for a new filing fee, but only if he asserts claims identical to those asserted here. *Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Darrell Fogarty's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This action is **STRICKEN** from the active docket.

Dated this 30th day of July, 2012.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**